# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATALIE THAM, | * |
| Plaintiff | * |
| v. | *   Civil Action No. 8:18-cv-01314-PX |
| V.T.A.C. GENERAL CONTRACTORS, INC., et al., | * |
| Defendant | * |

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Natalie Tham's motion to remand this action to the Circuit Court for Prince George's County, Maryland, ECF No. 9, and Defendants V.T.A.C. General Contractors, Inc. and Ricardo Vazquez's motion to dismiss for *forum non conveniens* and, in the alternative, for failure to state a claim, ECF No. 5. The motion to remand is fully briefed, and the Court rules under Local Rule 105.6 because no hearing is necessary. For the reasons that follow, the Court grants Plaintiff's motion and remands this case to the Circuit Court for Prince George's County, Maryland for further proceedings. The Court denies Defendants' motion to dismiss as moot.

### I.      BACKGROUND

On September 26, 2016, Plaintiff Natalie Tham was riding her bicycle through Washington, D.C., when she was hit by a dump truck driven by Defendant Ricardo Vazquez. ECF No. 5 at 1. Vazquez, as the driver, admittedly was "acting within the course and scope of his employment" with Defendant V.T.A.C. General Contractors, Inc. ("V.T.A.C."). *Id.* at 9.

On April 4, 2018, Tham filed this action in the Circuit Court for Prince George's County, Maryland alleging five counts of negligence. ECF No. 2 at 6–13. At the time of filing, Tham resided in Chicago, Illinois. ECF No. 12 ¶ 6. Tham asserts that her permanent home has

"always" been Maryland. ECF No. 9-28 ¶ 3. Vazquez resides in Hyattsville, Maryland. ECF No. 9 ¶¶ 1–12. V.T.A.C. is incorporated under the laws of Maryland and has its principal place of business in Maryland. ECF No. 9-2; ECF No. 9-3.

On May 4, 2018, Vazquez and V.T.A.C. timely removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1 ¶ 3. Vazquez and V.T.A.C. then moved to dismiss the case. ECF No. 5. On May 31, 2018, Tham moved to remand the case to the Circuit Court for Prince George's County. ECF No. 9.

## II. STANDARD OF REVIEW

State court actions that originally could have been brought in federal court may be removed pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The defendant, as removing party, bears the burden of "demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal courts construe removal statutes strictly and resolve all doubts in favor of remand. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

## III. ANALYSIS

V.T.A.C. invokes diversity jurisdiction under 28 U.S.C. § 1332(a) as its singular ground for removal. ECF No. 1 ¶ 3. Where removal is based on diversity jurisdiction only, and a proper defendant is a citizen of the forum state, 28 U.S.C. § 1441(b) bars removal. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005).

It is undisputed that Vazquez and V.T.A.C. are citizens of Maryland. ECF No. 1 ¶ 5; ECF No. 9. In Defendants' notice of removal, Defendants concede citizenship in Maryland. ECF No. 1 ¶ 5 ("The Defendants are citizens of Maryland."). Vazquez is domiciled in Maryland.

ECF No. 9 ¶¶ 10–12.  V.T.A.C. is a corporate citizen of Maryland both because it is incorporated in Maryland and because its principal place of business is in Maryland.  *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) ("For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business."); ECF Nos. 9-2; 9-3.  Because Defendants are citizens of the forum state, removal is improper.

This Court has characterized the bar to removal in § 1441(b) as procedural and, thus, waivable.  *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017).  However, where, as here, a plaintiff moves to remand "within thirty days after the filing of the notice of removal," the plaintiff has not waived her right to seek remand.  *See* 28 U.S.C. § 1447.  Tham moved to remand on May 18, within thirty days of Defendants' May 4 notice of removal.  *See* ECF No. 9; ECF No. 1.  Given Tham's timely objection to removal in a diversity case where Defendants are citizens of the forum state, § 1441(b) requires this Court to remand this case to the Circuit Court for Prince George's County.[1]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is granted and Defendants' motion to dismiss is denied as moot.  A separate Order follows.

| | |
|---|---|
| _8/28/18_____ | _____/S/_____ |
| Date | Paula Xinis |
| | United States District Judge |

---

[1] Because § 1441(b) resolves whether this Court should exercise jurisdiction, the Court need not reach whether Tham is a Maryland citizen or whether Tham's claims should be dismissed.

3